## SAMUEL BARTON *et al.*
### *v.*
## WILLIAM S. MOSS.

1. TAX TITLE — *cannot be acquired by an agent.* If one who is acting as agent in paying taxes upon land, neglect to pay such taxes and suffer the land to be sold, purchasing it at the tax sale in his own name, with the money of his principal, he will hold the land as trustee for his principal, to whom he will be compelled, in chancery, to make conveyance.

2. WHEN TWO WITNESSES NECESSARY — *answer sworn to.* When the allegations in a bill in chancery are denied in an answer which is sworn to, the allegations must be established by the evidence of two witnesses or its equivalent, or the relief sought cannot be granted.

WRIT OF ERROR to the Circuit Court of Peoria county; the Hon. WILLIAM KELLOGG, Judge, presiding.

Samuel Barton, Jonathan Barton and Simeon Barton, the plaintiffs in error, exhibited their bill in chancery in the court below, against William S. Moss.

The complainants set forth the following state of facts: Simeon Barton being the owner, in conjunction with the other complainants, of a certain tract of land situated in Peoria county, appointed the defendant Moss his agent, to pay the taxes thereon. Moss accepted the agency as early as 1840 or

1841, and continued to act as such agent during the years 1842 and 1843. Simeon worked and labored for Moss, on his farm, during a period of about three years, and including the years 1842 and 1843, and represents that Moss was to act as agent in paying taxes on the land as long as he should work for him, or until they made a settlement. Moss neglected to pay the taxes assessed on the premises for the year 1842, and in May of the following year bought them at a tax sale, although at the time of the sale, and all the time during the two years preceding, he was largely indebted to Simeon for work and labor, and was also owing a considerable sum to the estate of which Simeon was one of the heirs.

The indebtedness of Moss to the estate, it is claimed, arose as follows: About the year 1839, one Parker became indebted to the estate, and the heirs gave Moss an order on him for the amount, for collection. Other creditors of Parker obtained a judgment against him, and procuring an execution, levied it upon a lot belonging to Parker, in the city of Peoria. Parker made an arrangement with Moss, who was acting as agent of the estate, to the effect that Moss should bid in the lot under the execution sale, and Parker would not redeem it without at the same time paying the order given to Moss by the complainants, and in case he did not redeem, the purchase of the lot was to be deemed full satisfaction of the order. Moss accordingly bid off the lot; the time of redemption expired, and he obtained a sheriff's deed. The complainants allege that Moss claims the right to hold the lot by virtue of his sheriff's deed, and the land under his purchase at the tax sale, and seek to have an account taken, and ask that Moss be compelled to pay the amount of the order which he had, in effect, collected from Parker, and that he be decreed to reconvey the land to the complainants, claiming that, inasmuch as he was an agent for the payment of the taxes at the time of his purchase, he holds the title in trust for their benefit.

Moss answered the bill under oath, denying most of the allegations upon which the complainants expected to recover. The cause was heard upon the bill, answer and testimony, and

a decree entered dismissing the bill. The principal question presented is one of fact, whether Moss was the agent of Barton at the time he bought the land for taxes, and whether the sale of the lot was to satisfy both the claims against Parker. The evidence upon these points sufficiently appears in the opinion of the court. The complainants below bring the case to this court upon writ of error.

Mr. A. L. MERRIMAN, for the plaintiffs in error.

Mr. NORMAN H. PURPLE, for the defendant in error.

Mr. JUSTICE WALKER delivered the opinion of the Court:

This case depends alone upon questions of fact. It is conceded, that if Moss, as Barton's agent, purchased the land for taxes with Barton's money, then the purchase inured to his benefit, and whatever title was acquired by that purchase, Moss holds as trustee. It is, however, insisted that Moss' agency for the payment of the taxes had ceased before the purchase was made. The evidence shows that defendant in error was to pay the taxes on this land during the time plaintiff in error should continue to labor for him, or until they should settle. It appears that plaintiff in error ceased to labor for defendant in 1842, and the sale for taxes was made in 1843, but it seems they never have settled. Whether the agency was to cease on the happening of the one or the other of these contingencies is not very certain.

It can make very little difference whether the agreement was proved to have been the one or the other, as defendant, after the purchase, repeatedly recognized the purchase as having been made for the benefit of plaintiff in error. When asked why he suffered the land to go to sale, he said it was to strengthen plaintiff's title, and stated that he would transfer it when they should settle. The evidence abundantly shows that he had ample means belonging to plaintiff in error in his hands when he purchased the land, and still has a large sum of his money. Under these circumstances, every principle of justice,

equity and fair dealing, requires that he should be prevented from reaping any benefit from the purchase. He should, upon this evidence, have been decreed to convey the title acquired at the tax sale to plaintiff in error.

On a settlement, defendant would, of course, be permitted to retain the money paid at the tax sale, together with any sums he has paid as taxes on this land, from his indebtedness to plaintiff in error, whether for labor or for profits derived from the land. This is equitable and just, but beyond that he acquired no interest in the land by the purchase.

The evidence in reference to the town lot is insufficient to show that it was purchased in satisfaction of both judgments. The answer denies that it was, and it is not overcome by the evidence of two witnesses, or its equivalent. This being true a case is not made requiring the granting of relief as to the town lot. As to it, the bill was properly dismissed. But for the error indicated the balance of the decree of the court below must be reversed and the cause remanded.

*Decree reversed.*